UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-25081-Civ-COOKE/DAMIAN

CANOBINOTI, LLC and
DAVID OCOMO,

    Plaintiffs,

v.

RICHARD WOODS, REAL ESTATE
ACQUISITION DEVELOPMENT SALES, LLC
d/b/a READS-HEALTHCARE, LLC,
THE LIONS GROUP, LLC, JAKE YANG,
JO ANN MAKOUS, C&A LOGISTIX, LLC,
NATALIE MAKOUS, LEAH COX, and IANUA
MARKET LTD.,

    Defendants.
_____/

**ORDER**

    THIS MATTER is before the Court upon the Report and Recommendation ("R&R") of the Honorable Melissa Damian, U.S. Magistrate Judge (ECF No. 75), regarding Plaintiffs' Expedited Motion to Request Appointment of Arbitrator or, in the alternative, to Reconsider Order Compelling Arbitration (the "Motion") (ECF No. 49).

    In her R&R, Judge Damian recommends that the Motion (ECF No. 49) be granted and that the Court appoint an arbitrator pursuant to Section 5 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 5, to arbitrate the issues raised in this case and that the arbitration proceed in the manner otherwise provided for in the parties' Irrevocable Master Fee Protection Agreement (the "Agreement"). ECF No. 75. Judge Damian further recommends that the case remain stayed pending the completion of the arbitration proceedings. *Id*.

    Defendants The Lions Group, LLC, Jake Yang, Jo Ann Makous, C&A Logistix, LLC, and Natalie Makous (collectively, the "Lions Group Defendants") timely filed objections (ECF No. 76, the "Objections") to Judge Damian's R&R. Plaintiffs timely filed a response in opposition to the Lions Group Defendants' objections (ECF No. 77, the "Response").

    District courts must review *de novo* any part of a magistrate judge's disposition that has

been properly objected to. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted). Although Rule 72 is silent on the standard of review, the United States Supreme Court has determined Congress' intent was to require *de novo* review only when objections are properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." (alterations added)). Because the Lions Group Defendants filed timely objections to Judge Damian's R&R, the Court reviews Judge Damian's R&R *de novo*.

In their objections, the Lions Group Defendants contend that the Court dismissed Plaintiffs' claims against them for lack of subject matter jurisdiction, that Plaintiffs' remedy for any issues with the appointment of an arbitrator lies with the laws of England and the rules of the International Arbitration Centre, and that appointing an arbitrator would be tantamount to a reformation of the Agreement. Objections pp. 1, 3, 4.

In response, Plaintiffs argue that the Court's prior Order (ECF No. 48) was clear that it was not dismissing the case for lack of subject matter jurisdiction but instead, the Order compelled the parties to arbitrate pursuant to the FAA. Response p. 4.[1] Additionally, Plaintiffs argue that there is no legal or logical basis for applying English law to overrule the FAA, Eleventh Circuit, and U.S. Supreme Court precedent. *Id*.[2] Plaintiffs argue that the Court should reject the Lions Group Defendants' reformation argument because they did not

---

[1] Indeed, the Court did not dismiss Plaintiffs' claims as to the Lions Group Defendants for lack of subject matter jurisdiction. The Court stated specifically in its September 30, 2021 Order that it would "construe [the Lions Group Defendants'] Motion to be a motion to compel arbitration as opposed to a motion to dismiss for lack of subject matter jurisdiction." ECF No. 48 at p. 5, n.1. The Court noted that the Lions Group Defendants' arguments were "geared towards compelling arbitration and not outright dismissal," *id.*, and the Court proceeded to analyze the motion as one to compel arbitration. *Id*. at pp. 5–10.

[2] As Judge Damian noted, the Lions Group Defendants' argument that the FAA is inapplicable to the determination of the enforceability of the arbitration clause has already been rejected by the Court, *see* ECF No. 48 at pp. 5–10 (finding that Plaintiffs' claims were subject to arbitration pursuant to the terms of the Agreement and the FAA), and is otherwise legally untenable. *See, e.g., Regent Seven Seas Cruises, Inc. v. Rolls Royce, PLC*, No. 06-22347-CIV, 2007 WL 601992, at *6 (S.D. Fla. Feb. 21, 2007) ("This Court has recognized that even where the underlying agreement has a choice-of-law provision, federal law still governs the threshold question of arbitrability.") (citation omitted).

present the argument to Judge Damian. *Id.* at p. 5 n.1.

After conducting a *de novo* review of the record, the Lions Group Defendants' objections, Plaintiffs' response to the objections, and the relevant legal authorities, the Undersigned finds that Plaintiffs' Expedited Motion to Request Appointment of Arbitrator, or in the alternative, to Reconsider Order Compelling Arbitration (ECF No. 49) should be granted, that the Court should appoint an arbitrator pursuant to Section 5 of the FAA to arbitrate the issues raised in this case, and that the arbitration should proceed in the manner otherwise provided for in the parties' Agreement. The Undersigned further finds that the case should remain stayed pending the completion of the arbitration proceedings.

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Judge Damian's R&R (**ECF No. 75**) is **AFFIRMED AND ADOPTED**. Accordingly:

1. Plaintiffs' Expedited Motion to Request Appointment of Arbitrator, or in the alternative, to Reconsider Order Compelling Arbitration (**ECF No. 49**) is **GRANTED**.
2. On or before **December 12, 2022**, the parties shall confer and, if unable to select an arbitrator, shall submit a joint list of up to six qualified arbitrators, including information about their backgrounds, experience, and relevant qualifications, from which the Court can appoint an arbitrator. The arbitration shall proceed in the manner otherwise provided for in the parties' Agreement.
3. The case shall remain **STAYED** pending the completion of the arbitration proceedings.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 2nd day of December, 2022.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE
for Marcia G. Cooke, United States District Judge

Copies furnished to:
*Melissa Damian, U.S. Magistrate Judge*
*Counsel of record*